———o———

ELISHA LAUNIUS, Defendant in Error, *vs.* WILLIAM C. COLE, Plaintiff in Error.

1. *Practice, civil—Appeal—Affidavit—Informality of—*An affidavit for appeal is not invalidated from the fact that the signature of deponent was through mistake placed below the *jurat* instead of being in its proper place.

*Error to Stoddard Circuit Court.*

*E. S. McKeon,* for Plaintiff in Error.

WAGNER, Judge, delivered the opinion of the court.

The record in this cause is very imperfect and it is not easy to see the exact grounds on which the court predicated its judgment.

It was an appeal from a justice of the peace, and the appeal was dismissed for certain reasons stated in the motion of the respondent. But the bill of exceptions states that the appeal was dismissed for want of an affidavit. If this was the sole ground for dismissal, the court undoubtedly erred, as there is nothing alleged against the affidavit but a mere informality. The affidavit was duly signed by the appellant but by inadvertance or mistake his signature was placed below the *jurat* instead of its proper place, but this was no cause for treating it as a nullity.

Besides, pending the motion for dismissal the appellant offered to file a new affidavit, which the court refused to allow.

The statute declares that no appeal from a justice's court shall be dismissed for want of an affidavit, if the appellant or some person for him will file in the appellant court the affidavit required by law before motion to dismiss is determined. (2 W. S. 848, § 7.)

The judgment will be reversed, and the cause remanded. Judge Adams concurs. Judge Bliss absent.